UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

EILEEN M. DREZKA,
GERALD DREZKA,

       Plaintiffs,

       v.                                     Case No. 10-C-0002

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

       Defendant.

---

DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' BRIEF IN OPPOSITION TO MOTION TO DISMISS THE AMENDED COMPLAINT AND MOTION FOR JUDGMENT (DOC. # 16), STRIKING PLAINTIFFS' BRIEF IN OPPOSITION (DOC. # 17) AND AMENDED COMPLAINT (DOC. # 10), DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT (DOC. # 13), AND SETTING A STATUS CONFERENCE

       This case comes before the court in an interesting procedural posture. After removal of the case from state court, this court granted defendant an extension of time to file an answer or responsive pleading. Afterward, defendant moved to dismiss the complaint on the ground that the plaintiffs' claims were preempted by ERISA. Curiously, plaintiffs did not respond to the dismissal motion. Instead, they waited two months and filed an amended complaint without obtaining leave of the court. Defendant responded with a second motion to dismiss, as well as a motion to strike plaintiffs' brief in opposition. Consequently, there are two pending motions related to the unauthorized amended complaint.

       As an initial matter, the court notes that defendant moved to strike the plaintiffs' brief in opposition to dismissal of the amended complaint on the ground that

plaintiffs ignored the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Wisconsin. Civil Local Rule 7(i) provides that "any paper ... not authorized by the Federal Rules of Civil Procedure, these Local Rules, or a Court order must be filed as an attachment to a motion requesting *leave* to file it." (emphasis added). Similarly, the committee note to Civil Local Rule 15 verifies that leave must be granted to file any amended or supplemental pleading. Federal Rule of Civil Procedure 15 explains that a party may amend a pleading within 21 days of serving the original pleading, or, if beyond the 21 days, with the court's leave or opposing party's consent. Here, prior to filing its amended complaint, plaintiffs neither requested leave from this court, nor received consent from defendant.

Plaintiffs' repeated procedural errors establish a basis for striking the brief in opposition to defendant's motion to dismiss and the amended complaint. Pursuant to this court's authority to enter orders necessary to facilitate litigation, *see* Civil L. R. 16(a)(2), the brief in opposition to dismissal and the amended complaint will be stricken. As a consequence, the court must examine the complaint that was removed from Milwaukee County Circuit Court and how the parties will proceed. Therefore,

IT IS ORDERED that defendant's motion to strike plaintiffs' brief in opposition to motion to dismiss the amended complaint and motion for judgment is granted.

IT IS FURTHER ORDERED that plaintiffs' brief in opposition and amended complaint are stricken.

IT IS FURTHER ORDERED that defendant's motion to dismiss is denied as moot.

IT IS FURTHER ORDERED that the parties shall appear for a status conference on Wednesday, February 16, 2011, at 3:30 p.m., in Courtroom 222.

Dated at Milwaukee, Wisconsin, this 28th day of January, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U.S. DISTRICT JUDGE