UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

EILEEN M. DREZKA,
GERALD DREZKA,

        Plaintiffs,

        v.                              Case No. 10-C-0002

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

        Defendant.

---

DECISION AND ORDER GRANTING DEFENDANT'S
MOTION TO REINSTATE MOTION TO DISMISS, AND DENYING WITHOUT
PREJUDICE MOTION FOR JUDGMENT (DOC. # 21)

      Hartford Life and Accident Insurance Company (Hartford) filed a combined motion to reinstate its previously filed motion to dismiss the initial complaint and motion for judgment because of plaintiffs' failure to respond to the earlier dismissal motion. For reasons set forth below, Hartford's motion to reinstate will be granted without further briefing; the motion to dismiss will be addressed in a separate order.

      Plaintiffs, Eileen and George Dreczka, filed their complaint on December 1, 2009, in Sheboygan County Circuit Court. Hartford promptly filed a notice of removal on January 4, 2010, and a motion to dismiss on February 2, 2010. However, plaintiffs failed to respond to the motion to dismiss, and instead filed an amended complaint on April 20, 2010, without first obtaining the court's approval. *See generally* Civil L.R. 7(b)(E.D. Wis.); Fed. R. Civ. P. 15(a)(B). Hartford moved to dismiss the amended complaint on May 7,

2010. Months later, plaintiffs filed an untimely response to the motion to dismiss the amended complaint.

On July 13, 2010, the court termed the first motion to dismiss because the docket reflected the filing of the amended complaint and a motion to dismiss the amended complaint. Hartford moved to strike plaintiffs' brief opposing the motion to dismiss the amended complaint, which the court granted based on plaintiffs' repeated procedural errors. In addition, the amended complaint was stricken as improvidently filed. As a result, the original complaint remains pending.

During a February 16, 2011, status conference, the court granted Hartford leave to file a motion to reinstate its earlier motion to dismiss and plaintiffs were advised that they were to respond fourteen days after receiving any such motion. Moreover, the plaintiffs were ordered to include in any response a discussion of whether there is a colorable basis for challenging dismissal and whether grounds exist for opposing the dismissal motion long after the time for doing so expired.

As noted in the court's order of January 28, 2011, plaintiffs committed a series of procedural errors, including failure to seek leave to file an amended complaint, and twice failing to respond to Hartford's motions to dismiss timely. Thus, the issue here is whether plaintiffs should be given an opportunity to respond to the newly reinstated motion to dismiss.

During the hearing of February 16, 2011, plaintiffs' counsel was unable to express a valid reason for failing to respond to Hartford's motion to dismiss. Plaintiffs' counsel suggested that the unauthorized filing of an amended complaint was a response to the dismissal motion, although they filed it months after the motion to dismiss. He also cited

2

health issues but acknowledged they did not coincide with time that plaintiffs' response was due. Further, counsel mentioned that the court never conducted a scheduling conference during the relevant period. Regardless, as explained by the court, a scheduling conference does not affect a party's ability to respond to a dismissal motion according to the applicable procedural rules.

In responding to Hartford's motion to reinstate, plaintiffs argue that the court intended to place the parties in their original positions so that neither would have a procedural advantage. The court agrees and concludes that the parties should be placed where they were when defendant's motion to dismiss was termed inappropriately.

As plaintiffs have not offered any reason why they did not respond to defendants' motion to dismiss and there is not just reason to deny the request to reinstate the motion, the motion is being granted. As a consequence the motion to dismiss will be addressed on its merits.

In support of its motion for entry of judgment, Hartford cites Civil Local Rule 7(d), which provides that failure to file a memorandum in opposition to a motion is sufficient cause for the court to grant relief. Although plaintiffs' failure to file a memorandum in response to defendant's motion could result in the harsh sanction of dismissal pursuant to Civil Local Rule 7(d), the court did not expressly warn them that it may do so. *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000). A more appropriate course of action is consideration of defendant's motion on the merits without the aid of a response. *Id.* Now, therefore,

IT IS ORDERED that Hartford's motion to reinstate the motion to dismiss is granted.

IT IS FURTHER ORDERED that the motion to enter judgment is denied.

IT IS FURTHER ORDERED that the parties are barred from filing additional briefs respecting the motion to dismiss.

Dated at Milwaukee, Wisconsin, this 25th day of January, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE