UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

EILEEN M. DRECZKA,
GERALD DRECZKA,

          Plaintiffs,

          v.                                Case No. 10-C-0002

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

          Defendant.

---

DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DOC. 7)
AND GRANTING PLAINTIFFS LEAVE TO FILE AN AMENDED COMPLAINT

      Defendant, Hartford Life and Accident Insurance Company ("Hartford"), filed a notice of removal on January 4, 2010. After seeking an extension of time, Hartford filed a motion to dismiss the complaint on the grounds that (1) Eileen and Gerald Dreczka's claims are completely preempted by ERISA, (2) Gerald Dreczka lacks standing to recover under ERISA, and (3) the complaint fails to state a claim. The Dreczkas did not seek remand and failed to timely respond to the motion to dismiss.

      Two months later, the Dreczkas filed an amended complaint without seeking leave of the court as required by Federal Rule of Civil Procedure 15(a)(2). Again, Hartford moved to dismiss. This court erroneously denied as moot the initial motion to dismiss based on the filing of the amended complaint. After recognizing the error, the court granted the motion to dismiss the amended complaint, struck the Dreczka's untimely brief in opposition to the motion to dismiss, and ordered the parties to proceed on the original complaint. In the process, Hartford's brief was stricken inadvertently. Hartford then moved

to reinstate its motion to dismiss, and the court granted the motion while barring any additional briefs. Consequently, Hartford's motion to dismiss remains pending with no opposition from the Dreczkas. However, unlike a motion for summary judgment, a nonmovant's lack of response to a motion to dismiss constitutes no admission of the proponent's factual assertions. *Curtis v. Bembenek*, 48 F.3d 281, 287 (7th Cir. 1995) (citation and footnote omitted).

For purposes of the motion to dismiss, the court takes as true the well-pleaded allegations of the complaint and views them in the light most favorable to the plaintiffs. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F. 3d 609, 622 (7th Cir. 2012). Accordingly, the court finds that Eileen Dreczka worked as a teller for U.S. Bank. On April 9, 2008, Eileen Dreczka was advised that her claim for long-term disability had been approved by Hartford because of her severe heart defect. (Compl. ¶ 5.) Following the approval, Hartford called Eileen Dreczka every month thereby harassing her and causing further stress to her heart condition, even though her attorney advised Hartford about the effect of its conduct. (Compl. ¶¶ 6, 7.)

Hartford hired an investigator to "stalk both plaintiffs and videotape every activity for two days before February 14, 2009, while Eileen Dreczka was preparing for a heart fund event directed by her doctor. (Compl. ¶¶ 8, 9.) Additionally, Hartford contacted Eileen Dreczka's attorneys to set up a meeting for April 29, 2009. (Compl. ¶ 10.) Hartford employee James Butkus flew to Wisconsin to show the videotape, which did not include footage of the February 14, 2009, heart fund event at the American Club. (Compl. ¶¶ 11, 12.) After learning she had been "spied on" by an agent hired by Hartford, Eileen Dreczka suffered severe emotional distress and became paranoid about leaving her house.

(Compl. ¶¶ 13, 14.)  In addition, Hartford used Eileen Dreczka's statements to a magazine when improperly terminating her benefits.  (Compl. ¶¶ 15, 16.)

The complaint filed in Sheboygan County State Court asserts five state law claims: unreasonable surveillance and trespassing on Eileen Dreczka's life, offense to a reasonable person, invasion of privacy, intentional inflection of emotional distress, and loss of companionship.  Hartford argues that all of the claims arise from the investigation of Eileen Dreczka's claim for long-term disability benefits under the ERISA-governed plan and the ultimate termination of benefits under the plan.  Notably, the policy at issue is a group long-term disability policy, GLT-675173, issued by Hartford to U.S. Bank.

With few exceptions, ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."  29 U.S.C. § 1144(a).  Rather, ERISA creates a federal right of action for a plan participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a) (1)(B).  This civil enforcement scheme has extraordinary preemptive power. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209, 124 S. Ct. 2488, 159 L. Ed. 2d 312 (2004).

Courts apply a two-part test to evaluate preemption: (1) whether the individual could have brought a claim under § 502(a)(1)(B), and (2) whether the claims implicate another independent legal duty.  *Id.* at 210.

Under the first prong - whether an individual could have brought a claim under ERISA—the Seventh Circuit has held that plan participants may not bring state-law claims against their plans to recover plan benefits. *See McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 429 (7th Cir. 2005).  The second prong—whether a defendant's actions implicate

3

an independent legal duty— requires the court to determine whether interpretation of the terms of the benefit plan forms an essential part of the plaintiff's state law claim (if it does, then the duty is not independent of the plan and preemption still applies). *Davila*, 542 U.S. at 213.

In this case, the first prong is satisfied easily inasmuch as Eileen Dreczka could have brought a claim under ERISA. The allegations of the complaint arise out of a claim under a group long-term disability policy covering certain employees of U.S. Bank. Indeed, all five claims arise out of or relate to Hartford's conduct and obligations under this policy. In their complaint, the Dreczkas charge that Eileen Dreczka's claim for long-term disability was approved based on a severe heart defect, that Hartford hired an investigator and the long-term disability was wrongfully terminated based on surveillance. (Compl. ¶¶ 2, 5, 8, and 17.)

With respect to the second prong, the court notes that the policy language required Eileen Dreczka to submit a proof of loss that included documentation of the date, cause and prognosis of the disability, any and all medical information, the names of all physicians, hospitals, and pharmacies, and a signed authorization for medication, employment and financial information and any other data required. (Doc. 8, Ex. B, General Provisions, p. 13.) In addition, Hartford reserved the right to require Dreczka to meet and interview with Hartford's representative and be examined by a doctor, vocational expert, functional expert, or other medical or vocational professional of its choice. (*Id.* at p. 14.) Further, the Policy reserves the right to deny, suspend or terminate benefits if Dreczka refused to be examined, or meet to be interviewed. (*Id.*) Moreover, the Policy cautions

4

that Hartford "will use all means available" to "detect, investigate, deter and prosecute" fraud. (*Id.* at p. 16.)

The Dreczkas' first three causes of action include "unreasonable surveillance and trespassing on the plaintiff's life," "offense to a reasonable person," and "invasion of privacy." Although the precise cause of action for trespass on life or offense to a reasonable person is unclear, it is sufficient that the allegations focus on Hartford's wrongfully directing a private investigator to follow and videotape Eileen Dreczka, and sending that videotape to her psychiatrist, cardiologist, oncologist and internal medicine doctor. As alleged in this complaint, Hartford's steps to investigate and even videotape arise from and relate to the administration of policy benefits.

The Dreczkas also assert claims of intentional infliction of emotional distress and loss of companionship. Courts have found intentional infliction of emotional distress and loss of companionship claims to be preempted where they relate to an ERISA-governed benefits plan. *Reilly v. Blue Cross and Blue Shield United of Wisconsin*, 846 F.2d 416, 425 (7th Cir. 1988); *Meyer v. Employers Health Ins. Co.*, 722 F Supp. 547, 553 (E.D. Wis. 1989). Moreover, Gerald Dreczka does not have any claim under ERISA's civil enforcement provisions because he is not a plan participant, beneficiary, or fiduciary who has individual standing to bring a civil action under ERISA. *See* 29 U.S.C. § 1132(a). Hence, because the intentional infliction of emotional distress claim did not survive ERISA preemption, Gerald Dreczka's derivative loss of companionship claim fails necessarily.

Ultimately, the state law causes of action are integrally related to the claim for benefits under the policy, the investigation of the claims, and the denial of benefits. As such, they are preempted and cannot be prosecuted in this action. Now, therefore,

IT IS ORDERED that Hartford's motion to dismiss is granted. The complaint is dismissed without prejudice. The Dreczkas have 20 days to file an amended complaint.

Dated at Milwaukee, Wisconsin, this 19th day of March, 2013.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE

6

Case 2:10-cv-00002-CNC   Filed 03/19/13   Page 6 of 6   Document 27